**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4248**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

         v.

JAMES EMMANUEL CROUCH,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00299-JAB-1)

Submitted: October 28, 2010        Decided: November 18, 2010

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. John W. Stone, Jr., Acting United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Crouch appeals from his conviction and 215-month sentence following his guilty plea to one count of possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2006). Crouch's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning whether Crouch's sentence is reasonable. Crouch was advised of his right to file a pro se supplemental brief but did not do so. At our direction, the parties filed briefs addressing the impact of United States v. Carter, 564 F.3d 325 (4th Cir. 2009), and United States v. Lynn, 592 F.3d 572 (4th Cir. 2010). Because our review of the record discloses no reversible error, we affirm Crouch's conviction and sentence.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see Lynn, 592 F.3d at 576 ("[A]n individualized explanation must accompany every

2

sentence."); Carter, 564 F.3d at 330 (same). If the sentence is procedurally reasonable, the reviewing court must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2006)]." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Crouch argues that his sentence is procedurally unreasonable because the district court did not consider the § 3553(a) factors and failed to provide an individualized statement of how the factors applied in his case. Because Crouch's counsel "dr[ew] arguments from § 3553 for a sentence different than the one ultimately imposed," counsel "alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments," and a claim of procedural error has thus been preserved. Therefore, this court reviews the error under the harmless error standard. Lynn, 592 F.3d at 579, 581-82. This standard requires that the Government bear the burden of establishing that the error did not affect Crouch's substantial rights. United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006). Specifically, the Government "may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or

3

influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

We have reviewed the record and find that any error in this case was harmless, as we do not doubt that the district court assessed Crouch's argument in applying the § 3553(a) factors. See id. at 839. The district court considered the information contained in Crouch's presentence report, and listened to the parties' statements and arguments. In imposing Crouch's sentence, the court stated that it had considered Crouch's history and characteristics, as well as the nature and circumstance of the offense. Moreover, Crouch's arguments in favor of a lower sentence, which included hardship to his family and a difficult upbringing, were weak. Because it appears that the district court considered Crouch's argument for a lower sentence, and in light of the weakness of that argument, the lack of a detailed individualized explanation for the rejection of Crouch's argument does not impair our ability to review the sentence. Thus, any procedural error was harmless.

Having determined that there is no reversible procedural error, we consider the substantive reasonableness of the sentence, taking into account the totality of the

4

circumstances. <u>Gall</u>, 552 U.S. at 51. Because Crouch's sentence is within the properly calculated Guidelines range, we presume on appeal that it is substantively reasonable. <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Crouch has not made such a showing. Accordingly, we hold that Crouch's sentence is procedurally and substantially reasonable.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Crouch, in writing, of the right to petition the Supreme Court of the United States for further review. If Crouch requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crouch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>